## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**NORTH AMERICAN COMPANY FOR**         **CIVIL ACTION**
**LIFE AND HEALTH INSURANCE**

**VERSUS**                                      **NO. 22-4455**

**HUNG HO**                               **SECTION: D (4)**

## <u>ORDER AND REASONS</u>

Before the Court is a Motion For Default Judgment Against Hung T. Ho filed by the Plaintiff, North American Company for Life and Health Insurance.[1]  The Motion is unopposed.  After careful consideration of Plaintiff's memorandum, the record, and the applicable law, the Court **GRANTS** the Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff North American Company for Life and Health Insurance ("NACOLAH" or "Plaintiff") filed suit in this Court against Defendant Hung Ho ("Ho" or "Defendant") seeking rescission of a life insurance policy (the "Policy") issued to Ho and a declaratory judgment that the Policy is void.[2]  NACOLAH claims that Ho made material misrepresentations regarding his health and medical history in the Application for the Policy which NACOLAH reasonably relied upon in issuing the Policy.

NACOLAH alleges the following facts in its amended Complaint.  On September 14, 2020, Ho completed an Application for the Policy.[3]  Question #33 of

---

[1] R. Doc. 15.
[2] *See* R. Doc. 1.
[3] *See* R. Doc. 6 at ¶ 7.

the Application asked if Ho had "been diagnosed by a licensed medical professional, treated or advised to get medical treatment from a licensed medical, hospitalized, or presently taking prescription(s) or medication(s)" for any listed disorder in the past ten years.[4]  The listed disorders included, *inter alia*:

> [c]hronic obstructive pulmonary or lung disease, chronic bronchitis, emphysema, sarcoidosis, asthma, shortness of breath, tuberculosis . . . sleep apnea . . . colitis, ulcerative colitis, Crohn's, esophageal varices, peptic or gastric ulcer, intestinal or rectal bleeding, diverticulitis, colon polyps, cirrhosis, hepatitis, liver failure, liver impairment, loss of bowel function or other disease or disorder of the liver or pancreas[.][5]

Ho answered "No" to this question, signed the Application, and paid the initial premium.[6]  By signing the Application, he acknowledged that his "[s]tatements and answers in this application . . . are complete and true to the best of [his] knowledge and belief."[7]  Relying on the truthfulness and accuracy of Ho's representations in his Application, NACOLAH issued the Policy in the amount of $100,000 to Ho with a Policy Date of November 9, 2020.[8]

As part of routine post-issuance procedure, NACOLAH obtained Ho's medical records and discovered that he had been diagnosed with and/or treated for a medical condition listed in Question #33 within ten years prior to his Application.[9]  Therefore, NACOLAH avers, Ho's medical records show that his responses in his Application for

---

[4] *See id.* at ¶ 9; R. Doc. 15-5 (Application for Policy) at p. 9.
[5] *See* R. Doc. 6 at ¶ 9; R. Doc. 15-5 (Application for Policy) at p. 9.
[6] *See* R. Doc. 6 at ¶ 10; R. Doc. 15-5 (Application for Policy) at p. 9.
[7] *See* R. Doc. 6 at ¶ 11; R. Doc. 15-5 (Application for Policy) at p. 10.
[8] *See* R. Doc. 6 at ¶ 13.
[9] *See id.* at ¶ 16.

the Policy were false.  NACOLAH alleges that neither it nor any of its agents or representatives knew of Ho's false statements at the time it issued the Policy and claims that it would have denied Ho coverage had it known the true facts pertaining to Ho's medical history.[10]  On June 17, 2022, NACOLAH advised Ho by letter of its position that it is entitled to the rescission of the Policy because it would not have issued the Policy if Ho had provided truthful responses to the questions in the Application.[11]  Prior to filing its Complaint, NACOLAH tendered a check to Ho in the amount of all premiums paid in consideration for the Policy by Ho, plus applicable interest.[12]

On November 11, 2022 NACOLAH filed their amended complaint seeking a declaratory judgment that it has no liability under the Policy and that the Policy is void because of material misrepresentations.[13]  Defendant Ho was personally served on November 20, 2022;[14] however he has failed to answer or otherwise plead in response to Plaintiff's Complaint.  On December 28, 2022, the Clerk of Court for the United States District Court for the Eastern District of Louisiana entered default against Ho pursuant to Federal Rule of Civil Procedure 55(a).[15]

Plaintiff filed the instant Motion for Default Judgment against Ho pursuant to Federal Rule of Civil Procedure 55(b), seeking equitable relief in the form of rescission of the Policy and a declaration that the Policy is rescinded, null, void, and/or void *ab*

---

[10] *See id.* at ¶ 23.
[11] *See id.* at ¶ 26.
[12] *See id.* at ¶ 36.
[13] *See id.* at pp. 7–8.
[14] *See* R. Doc. 8 (Affidavit of Service).
[15] *See* R. Doc. 11.

*initio*.[16]   NACOLAH contends that a default judgment is proper because its well-pleaded factual allegations demonstrate, in light of Ho's default, that it is entitled to relief.[17]   NACOLAH argues that rescissory relief is appropriate because Ho's false statements in his insurance policy application materially misrepresented his medical history and NACOLAH would not have issued the Policy but for Ho's false answers.[18] Ho did not file a response to Plaintiff's Motion.

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the process in which a party may seek judgment due to the default of an opposing party.   "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[19]   "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[20]   Accordingly, a default judgment is appropriate only when "the adversary process has been halted because of an essentially unresponsive party."[21]

A plaintiff seeking default judgment must proceed through two steps: (1) the plaintiff must petition the clerk of court for an entry of default and (2) if the plaintiff's claim is not for a sum certain, then the plaintiff "must apply to the court for a default

---

[16] R. Doc. 15.

[17] *See* R. Doc. 15-4 at pp. 6–8.

[18] *See id.*

[19] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)).

[20] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

[21] *Sun Bank*, 874 F.2d at 276 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

judgment."[22]  In order for the clerk of court to enter a default against a defendant pursuant to Rule 55(a), the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."[23]  Beyond that requirement, however, the entry of default is largely mechanical.  Upon the clerk's entry of default, the defendant is deemed to have admitted the plaintiff's well-pleaded factual allegations.[24]

After the entry of default, "the Court *may* enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period."[25]  Where a plaintiff is not seeking a sum certain and therefore must apply to the court for a default judgment, "[t]he disposition of a motion for the entry of a default judgment ultimately rests within the sound discretion of the court."[26]  A court may enter a default judgment only if the plaintiff has stated a cognizable legal claim supported by well-pleaded factual allegations, which the court accepts as true.[27]

## III.   ANALYSIS

### A.   Jurisdiction

Before entering judgment, a district court must "look into its jurisdiction both over the subject matter and the parties."[28]  "Judgment entered in the absence of

---

[22] Fed. R. Civ. P. 55.

[23] Fed. R. Civ. P. 55(a).

[24] *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[25] *Granite State Ins. Co. v. Delta Marine Env't, LLC*, No. CV 18-3571, 2018 WL 6067552, at *1 (E.D. La. Nov. 20, 2018) (Africk, J.) (citing Fed. R. Civ. P. 55(b)) (emphasis added).

[26] *Id.* at *2 (citing *Mason*, 562 F.2d at 345).

[27] *See Nishimatsu*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered."); *Lewis*, 236 F.3d at 767.

[28] *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).

jurisdiction is void, and the Court must therefore refrain from entering judgment if its jurisdiction is uncertain."[29]   Here, subject matter jurisdiction is based upon diversity of citizenship.[30]   The jurisdictional requirements of 28 U.S.C. § 1332 are satisfied because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds the sum of $75,000.[31]   Furthermore, it appears that the Court has personal jurisdiction over Ho because he is a citizen of Louisiana.[32]

### B.   Whether Default Judgment is Appropriate in this Matter

The Court first considers whether the initial entry of default by the clerk of court was appropriate.  Plaintiff has shown by affidavit that the Defendant, Ho, was personally served on November 20, 2022.[33]   Pursuant to Fed. R. Civ. P. 12, Ho had twenty-one days to file responsive pleadings to Plaintiff's complaint after having been served.[34]   Ho did not make any appearance in this Court; the record clearly demonstrates that Ho has "failed to plead or otherwise defend."[35]   NACOLAH moved for Entry of Default against Ho which the Clerk of Court properly entered on December 28, 2022.[36]   Therefore, the Court finds that the entry of default against Ho was warranted.

---

[29] *RSDC Holdings, LLC v. Steinberg*, No. CV 16-9381, 2017 WL 117314, at *2 (E.D. La. Jan. 12, 2017) (Vance, J.).
[30] *See* R. Doc. 6 at ¶ 5.
[31] Plaintiff is a citizen of Iowa and Defendant is a citizen of Louisiana.  *See id.* at ¶¶ 1–2.  The amount in controversy is $100,000, the amount of the policy at issue.
[32] *See id.* at ¶ 2; Fed. R. Civ. P. 4(k).
[33] *See* R. Doc. 8; R. Doc. 15-2.
[34] *See* Fed. R. Civ. P. 12(a)(1)(A)(i).
[35] Fed. R. Civ. P. 55(a).
[36] R. Doc. 11.

The Court next considers whether Plaintiff is entitled to a default judgment. Given that the Plaintiff is seeking equitable relief, not a sum certain, Plaintiff properly filed its Motion for Default Judgment in this Court.[37] The Court now determines whether the Plaintiff has adequately stated a valid cause of action entitling it to relief. A court may only enter a default judgment if the factual allegations in the pleadings, which the court accepts as true, provide a "sufficient basis" for a default judgment.[38]

Here, NACOLAH argues that it is entitled to rescission of the Policy and a declaration that the Policy is void pursuant to Louisiana Revised Statute 22:860 which provides that:

> A. Except as provided in Subsection B of this Section, R.S. 22:1314, and 1315, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

> B. In any application for life, annuity, or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless either one of the following is true as to the applicant's statement:

>> (1) The false statement was made with actual intent to deceive.

---

[37] *See* Fed. R. Civ. P. 55(b).
[38] *See Nishimatsu*, 515 F.2d at 1206.

> (2) The false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer under the policy.[39]

Under Louisiana law, an insurer may void an insurance policy by showing that: (1) the insured made a false statement in the insurance application; (2) the false statement was material; and (3) the insured's false statement was made with an "intent to deceive" the insurer.[40]  A misrepresentation is considered material if the insurer would not have issued the insurance policy or would have issued the policy at a higher rate had it known the truth.[41]  As for the "intent to deceive" requirement, because of the "inherent difficulties of proving intent," Louisiana courts determine intent from the circumstances indicating "the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that the insured recognized the materiality of the misrepresentations."[42]

Based on the factual allegations in NACOLAH's amended Complaint—which Ho is deemed to have admitted by his default—the Court finds that NACOLAH is entitled to relief.  According to the Complaint, Ho falsely answered a question in the Application for the Policy regarding his prior health conditions.  Specifically, Ho answered "No" when asked if, in the prior ten years, he had been diagnosed with or

---

[39] La. R.S. 22:860.

[40] *See State Farm Mut. Auto. Ins. Co. v. Bridges*, 45,162 (La. App. 2 Cir. 5/19/10), 36 So. 3d 1142, 1146 (citing *West v. Safeway Ins. Co. of Louisiana*, 42,028 (La. App. 2 Cir. 3/21/07), 954 So.2d 286).

[41] *See Abshire v. Desmoreaux*, 2007-626 (La. App. 3 Cir. 11/7/07), 970 So. 2d 1188, 1195 *writ denied*, 2008-0226 (La. 4/4/08), 978 So. 2d 326.

[42] *Bridges*, 36 So. 3d at 1147 (citing *Willis v. Safeway Ins. Co. of Louisiana*, 42,665 (La. App. 2 Cir. 10/24/07), 968 So.2d 346).

treated for several listed medical conditions.[43]   Based on a later-conducted review of Ho's medical records, NACOLAH learned that Ho's answer was false; Ho *had* been diagnosed with or treated for one of the listed health conditions in the past ten years.[44]   Moreover, Ho's answer was material because, as NACOLAH argues, information regarding prior health and medical conditions is directly germane to NACOLAH's decision about whether to issue an insurance policy and, if so, at what rate.   Finally, the Court finds that Ho's false statement was made "with intent to deceive."[45]   Ho falsely claimed on a life insurance policy application that he had not been diagnosed with or treated for any medical conditions.   Information regarding personal health conditions and medical problems has an obvious and direct connection to whether a life insurer chooses to insure an individual and if so, at what rate.   The attendant circumstances create a reasonable assumption that Ho meant to deceive NACOLAH into believing that he was at a lower risk of health problems than he actually was, *i.e.* that he recognized the materiality of his misrepresentations.[46]   Accordingly, the Court finds that NACOLAH has demonstrated the invalidity of the Policy and its entitlement to rescission of the Policy based on Ho's material misrepresentations.

---

[43] *See* R. Doc. 6 at ¶ 10; R. Doc. 15-5 (Application for Policy) at p. 9.
[44] *See* R. Doc. 6 at ¶ 16.
[45] La. R.S. 22:860(B)(1).
[46] *See Bridges*, 36 So. 3d at 1147 (citing *Willis*, 968 So.2d 346).

Before entering a default judgment in favor of the Plaintiff, however, the Court must consider whether the six factors listed in *Lindsey v. Prive Corp.*[47] weigh in favor of entering a default judgment in this case.  These factors include:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.[48]

Regarding the first factor, the Court finds that there are no material facts in dispute because Ho failed to file responsive pleadings to the Complaint; Ho's default is an admission of NACOLAH's well-pleaded allegations.[49]  Therefore, there is no factual dispute because all material facts have already been deemed admitted by Ho.

Second, in regard to substantial prejudice, the Court is aware of the burden that delay can impose on litigants.[50]  However, courts "can deal with obstinate and dilatory parties in a variety of ways, and judgment by default should not be the first resort."[51]  Further, the Fifth Circuit has noted that default judgments are generally disfavored, as there is a strong policy in favor of decisions on the merits.[52]  But when a defendant's complete failure to appear brings the adversary process to a halt, this prejudices the plaintiff's interests.  Here, Ho has completely failed to appear whatsoever, prejudicing NACOLAH's interest in having Ho's Policy rescinded.  Until

---

[47] *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998).
[48] *Id.* at 893 (citing 10 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2685 (2d ed. 1983)).
[49] *See Nishimatsu*, 515 F.2d at 1206.
[50] *See Sun Bank*, 874 F.2d at 277.
[51] *Id.*
[52] *See Lindsey*, 161 F.3d at 893.

judgment is rendered, NACOLAH is potentially liable for a life insurance policy obtained through material misrepresentations. Therefore, for purposes of this analysis, the Court finds this second factor to weigh in favor of NACOLAH.

Thirdly, the grounds for default are clearly established, making this factor weigh in favor of NACOLAH. Ho was personally served more than six months ago and has made no appearance at all in this matter. Fourth, the record does not indicate any reason or excuse on the part of Ho for his failure to appear. Next, the Court finds that the fifth factor regarding the harshness of a default judgment weighs in favor of NACOLAH as well. NACOLAH is seeking rescission of the Policy and a declaratory judgment that the Policy is void. The Court does not find this requested relief to be overly harsh given that the Plaintiff seeks rescission of a life insurance policy and is not seeking any monetary sum. Nothing in the record suggests that Ho has altered his behavior in reliance upon the Policy such that it would be unreasonable to rescind the Policy. Additionally, Ho has been given ample time to respond to NACOLAH's Complaint which mitigates the harshness of a default judgment.[53] Thus, this factor weighs in favor of Plaintiff.

Lastly, the Court finds that the sixth factor—whether the Court would think itself obligated to set aside the default judgment on the defendant's motion—weighs in favor of NACOLAH. Given that the Motion for Default Judgment is unopposed and no response has been filed to date, the Court is unaware of any facts that would lead it to set aside the default judgment if challenged by the Defendant. Ho has not

---

[53] *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893).

presented the Court with any argument indicating that the Court would reach a different outcome with respect to a motion to set aside a default judgment under Fed. R. Civ. P. 60(b).  Moreover, based on the evidence in the record, the Court does not believe that Ho would be able to produce a "meritorious defense."[54]

Because the Court finds that NACOLAH is entitled to judgment on both Counts for a rescission of the Policy issued to Ho and a declaration that the Policy is void, and because the Court finds that the *Lindsey* factors weigh in favor of granting the default judgment, the Court determines that a default judgment in favor of the Plaintiff is appropriate in this case.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion For Default Judgment[55] is **GRANTED**.  An appropriate Judgment accompanies this Order.

New Orleans, Louisiana, June 12, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[54] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("To determine whether . . . to set aside a default . . . we . . . consider three factors . . . whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.").
[55] R. Doc. 15.